## Commonwealth v. Webber

*Bertram S. Murphy*, Assistant District Attorney, for Commonwealth.

*Henry P. Perciballi*, for defendants.

WILLIAMS, P. J., April 13, 1962.—A justice of the peace fined the three defendants for being nonresidents of the Commonwealth of Pennsylvania and for hunting without a nonresident hunting license. An appeal has been taken to this court.

The defense of defendants is that they are residents of Pennsylvania and that they were hunting legally with a resident hunting license. They also complain about the information.

The three moved to Lycoming County on June 10, 1961, in order to attend Williamsport Technical Institute. They secured an apartment on that date. All three applied for a resident hunting license on October 2, 1961, and all three admitted hunting.

Section 1 of the Act of June 13, 1961, P. L. 295, which amends The Game Law of June 3, 1937, P. L. 1225, 34 PS §1311.321, is to the effect that any nonresident of the Commonwealth who hunts without a nonresident hunting license shall be sentenced to pay a fine. Section 316(a) of The Game Law (34 PS §1311.316(a)), is to the effect that it is unlawful for any person to hunt without first securing a license and

a license tag as "hereinbefore required". Section 303 of The Game Law (34 PS §1311.303) allows every nonresident of the Commonwealth to apply for a nonresident hunter's license, and section 301 of the code (34 PS §1311.301) is to the effect that any person who has been a bona fide resident of the Commonwealth for a period of 60 days next preceding the application is entitled to a resident hunting license.

The informations charge defendants with being nonresidents of the Commonwealth and hunting without a nonresident hunting license being lawfully issued to them. We are of the opinion that the informations are sufficient. They are charged with being nonresidents and with hunting without a nonresident hunting license. Defendants have argued that inasmuch as a resident hunting license had been issued to each one of them that they then had a right to hunt and violated no law. We cannot agree with this argument. Their defense has to rise or fall on whether or not they were residents of Pennsylvania.

Defendants claim that they are residents of the Commonwealth of Pennsylvania. The term residence alone has many shades of meaning. At times it means domicile plus physical presence. At other times it means physical presence with the intent to leave when the purpose for which one has taken up the abode ceases. A residence is different from a domicile although residence is a matter of great importance in determining the place of domicile. A distinction sometimes made between residence and domicile is that the first includes the intent to leave when the purpose for which one has taken up the abode ceases whereas there is no such intent to leave in the case of domicile: Bouvier's Law Dictionary, Vol. 2, page 2920.

Defendants claim they are residents of Lycoming County for the purpose of going to school. However, Lycoming County is not their domicile as all of them

are under 21, their parents live in New York State, all gave New York addresses for purpose of draft and driver's license. Several even had New York State resident hunting licenses.

We must, however, construe the term "residence" as used in the game laws and in so doing we must take into consideration the object and purpose of the legislature under consideration. The intention of the legislature was to charge a greater fee for those persons domiciled in another State who did not help pay Pennsylvania taxes for game propagation and support. We are of the opinion that the legislature intended to charge a more substantial fee for those domiciled in another State. Besides, the legislature declared that in order to get a resident license you have to be a bona fide resident. In Pennsylvania, the term bona fide resident has been held to mean a resident with domiciliary intent with respect to taxation statutes, voting statutes, divorce statutes, exemption laws, and poor law settlements. See cases cited in Pa. Annotations to §9 of Chapter 2, Restatement, Conflict of Laws. Although there seems to be no recorded cases concerning the construction of the term bona fide resident under the game laws, we are holding that this term under the game laws means one who lives in Pennsylvania with domiciliary intent. The three defendants in this case did not have the intent to make Pennsylvania their domicile and therefore are guilty.

*Order*

And now, April 13, 1962, all three defendants are found guilty. The sentence of the court is that Ray Webber pay a fine of $50 in costs to the Commonwealth of Pennsylvania; that Ronald Filipiak pay a fine of $50 in costs to the Commonwealth of Pennsylvania; and that George Kreamer pay a fine of $50 in costs to the Commonwealth of Pennsylvania.